**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-105C
(Filed: August 13, 2014)

**FILED**

AUG 1 3 2014

U.S. COURT OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| RONALD EDWARD PIERCE, | ) | |
| | ) | |
| Pro Se Plaintiff, | ) | |
| | ) | Motion to dismiss, Rule 12(b)(1) (lack |
| v. | ) | of subject jurisdiction); State law |
| | ) | claims; Americans with Disabilities |
| THE UNITED STATES, | ) | Act, 42 U.S.C. §§ 12101, 12131, |
| | ) | 12132 ; Administrative Procedure Act, |
| Defendant. | ) | 42 U.S.C. §§ 701, 702. |
| | ) | |

*Ronald Edward Pierce*, Squaw Valley, CA, pro se plaintiff.

*Michael D. Snyder*, Civil Division, United States Department of Justice, Washington, DC, with whom were *Stuart F. Delery*, Assistant Attorney General, and *Robert E. Kirschman, Jr.*, Director, Commercial Litigation Branch, for defendant.

## OPINION DISMISSING COMPLAINT

**FIRESTONE**, *Judge*.

Pending before this court is defendant the United States' ("the government") motion to dismiss the complaint in the above-captioned action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), Docket No. 14, filed June 5, 2014. In the complaint, pro se plaintiff Ronald Edward Pierce ("Mr. Pierce" or "plaintiff") alleges that the United States Tax Court ("tax court") failed to accommodate his disabilities when it refused to change the

location and timing of a trial scheduled in a tax case he had filed in California. Mr. Pierce also alleges that the United States District Court for the Eastern District of California failed to accommodate his disabilities when it refused to intervene on his behalf before the tax court. Mr. Pierce charges that the tax court and the United States District Court for the Eastern District of California are liable to him for damages under the state law by failing to accommodate his disabilities. Specifically, Mr. Pierce claims that he is entitled to damages under the California Unruh Civil Rights Act ("Unruh Act"). Cal. Civ. Code § 51.

According to Mr. Pierce, damages under California law are available against entities that violate the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. Mr. Pierce claims that this court has jurisdiction to hear his case because the above-referenced federal courts violated his rights under the ADA. He also argues that this court has jurisdiction to hear his case and award him damages under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702.

The government argues that this court must dismiss Mr. Pierce's case on the grounds that this court does not have jurisdiction to award damages under the Unruh Act, the ADA, or the APA. For the reasons explained below, this court **GRANTS** the government's motion to dismiss.

## I.   FACTUAL BACKGROUND

The complaint includes the following allegations. On February 21, 2012, plaintiff filed a suit in the tax court challenging a tax deficiency with the Internal Revenue Service. After receiving a second notice of deficiency, plaintiff filed a second suit, and

2

selected Fresno, California as his preferred place for trial. Plaintiff alleges that, because he is disabled, he could not travel to San Francisco, California for a trial. However, as plaintiff had elected to bring his case as a regular tax case rather than as a small tax case, and because only small tax cases are heard in Fresno, the trial was scheduled to be heard in San Francisco.

After receiving notice of the trial, Mr. Pierce filed a motion to change the place of trial to Fresno. When this motion was denied due to plaintiff's case's classification, plaintiff contacted the tax court's Equal Employment Opportunity Commission officer, who instructed him to refile his motion. Thereafter, the motion was granted and the trial was re-scheduled for February 3, 2014 in Fresno. The case was also reclassified as a small tax case.

After the trial was rescheduled, Mr. Pierce sought a continuance of his case, arguing that a continuance was necessary to accommodate his disability and in order for him to deal with the additional cases he had pending in the tax court. Plaintiff's request was made informally to various employees of the tax court. When his request was not granted, he sought help from the United States District Court for the Eastern District of California, and then from the United States District Court for the Central District of California. After those efforts failed, Mr. Pierce filed a request for judicial notice with the tax court requesting that the court acknowledge its alleged lack of accommodation. After the tax court entered an order requiring plaintiff to appear at the scheduled date and time for trial, plaintiff filed a "Sworn Affidavit of Prejudice" alleging that the judge to whom the case was assigned was not impartial. The tax court then entered an order again

requiring plaintiff to appear, stating that failure to appear could result in dismissal of the case. On February 6, 2014, plaintiff filed his complaint in this court.

## II. STANDARD OF REVIEW

The United States Court of Federal Claims is a court of limited jurisdiction. Under the Tucker Act, the United States Court of Federal Claims has jurisdiction to hear claims against the United States that are "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2011). Where the court has not been granted jurisdiction to hear a claim, the case must be dismissed. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Subject matter jurisdiction may not be waived or forfeited; when a court concludes that it lacks jurisdiction, the complaint must be dismissed in its entirety. See John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1354 (Fed. Cir. 2006).

The plaintiff bears the burden of establishing subject matter jurisdiction, Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)), and must do so by a preponderance of evidence, Reynolds v. Army & Air Force Exchange Service, 846 F.2d 746, 748 (Fed. Cir. 1988). When ruling on a motion to dismiss for lack of jurisdiction, the court considers uncontested facts alleged in the complaint to be true and correct. Reynolds, 846 F.2d at 747. The court may also consider materials outside of the pleadings to determine whether it has subject matter jurisdiction over a claim. Aviation

4

Software, Inc. v. United States, 101 Fed. Cl. 656, 661 (2011) (citing Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991)).

The court holds pro se "pleading[s] 'to less stringent standards than formal pleadings drafted by lawyers." Johnson v. United States, 411 Fed. Appx. 303, 305 (Fed. Cir. 2010) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Nonetheless, a pro se plaintiff must still satisfy the court's jurisdictional requirements. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004) ("This latitude, however, does not relieve a pro se plaintiff from meeting jurisdictional requirements."), aff'd, 98 Fed. Appx. 860 (Fed. Cir. 2004).

### III. DISCUSSION

In his complaint, plaintiff alleges that the tax court and United States District Court for the Eastern District of California failed to accommodate his disability as required by the ADA, and thus these courts owe him damages under California law. In support of his complaint, Mr. Pierce cites Munson v. Del Taco, Inc., 46 Cal. 4th 661 (Cal. 2009). Apparently, under California state law, an individual who has an ADA claim may also obtain damages under the Unruh Act. Id. Mr. Pierce argues that he is also entitled to relief in this court under the APA, which according to Mr. Pierce, gives this court jurisdiction to review the decisions of other federal courts.

In its motion to dismiss, the government argues that this court lacks jurisdiction over Mr. Pierce's state-law damage claims and over his claims based on the APA. This court has reviewed all of the pleadings and briefs filed by the parties and finds for the reasons that follow that this court lacks subject matter jurisdiction. First, this court lacks

jurisdiction over actions arising under the Unruh Act because "'[c]laims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims.'" Waltner v. United States, 98 Fed. Cl. 737, 764 (Fed. Cl. 2011), aff'd, 679 F.3d 1329 (Fed. Cir. 2012) (citing Souders v. South Carolina Pub. Serv. Auth., 497 F.3d 1303, 1307 (Fed. Cir. 2007)). Second, to the extent Mr. Pierce is claiming a right to damages stemming from violations of the federal ADA, his complaint also must be dismissed because the ADA does not apply to the federal government, and thus this court lacks subject matter jurisdiction over an ADA claim. Allen v. United States, 546 F. App'x. 949, 951 (Fed. Cir. 2013) (citing Searles v. United States, 88 Fed. Cl. 801, 805 (2009)). The ADA provides that "no qualified individual with a disability shall by reason of such disability, be excluded from participation . . . services, programs, or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "public entity" is defined as "(A) any State, or local government; (B) any department, agency, special purpose district, or other instrumentality of a State . . . or local government . . . ." 42 U.S.C. § 12131(1). The ADA is not applicable to the tax court, the United States District Court for the Eastern District of California, or any other federal government entity because the ADA definition of "public entity" includes only state and local government entities. Gray v. United States, 69 Fed. Cl. 95, 101 n.5 (2005); United States v. Wishart, 146 F. App'x. 171 (9th Cir. 2005). In such circumstances, there has not been a waiver of sovereign immunity for claims against the United States under the ADA and the case must be dismissed. Gray, 69 Fed. Cl. at 102.

Finally, this court does not have jurisdiction to hear plaintiff's case under the APA. Contrary to plaintiff's contentions, the APA does not provide for review of the actions of other federal courts. By its plain language, the APA provides only for review of "agency action," which does not include decisions of the tax court or federal judiciary.[1] 5 U.S.C. § 702.

## IV. CONCLUSION

For the foregoing reasons, the government's motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1) is **GRANTED**.[2] The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

---

[1] The APA reads, in relevant part:
    (b) For the purpose of this chapter--
        (1) "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include—
        . . .
        (B) the courts of the United States . . . .
5 U.S.C. § 701.

[2] In addition, plaintiff has filed an application to proceed in forma pauperis and a motion for sanctions. This court hereby **GRANTS** the in forma pauperis application for the purpose of resolving this motion. While the motion for sanctions does not specify the conduct alleged to have violated plaintiff's rights, an order from the tax court dismissing plaintiff's case for lack of prosecution is attached to the motion. Because this court does not have jurisdiction over plaintiff's case, the motion for sanctions must be **DENIED** as well.