**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-105C
(Filed: September 8, 2014)

FILED

SEP - 8 2014

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| RONALD EDWARD PIERCE, | ) |
| Pro Se Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## ORDER DENYING RECONSIDERATION

Pending before the court is pro se plaintiff Ronald Edward Pierce's ("Mr. Pierce") motion for reconsideration, filed August 26, 2014, Docket No. 21, of this court's August 13, 2014 opinion dismissing his complaint for lack of subject matter jurisdiction. In its August 13 opinion, the court found that it lacked jurisdiction over plaintiff's claims, as this court lacks jurisdiction over claims arising under the Americans with Disabilities Act ("ADA"). Further, the court found that it lacked jurisdiction to review the actions and decisions of other federal courts. Plaintiff seeks reconsideration, arguing that the court misunderstood the basis of his claim and specific details of the case.

Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC") governs motions for reconsideration of final decisions. "Motions for reconsideration must be supported by a showing of extraordinary circumstances which justify relief." Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (internal quotation omitted). Specifically, the moving party must show that (a) an intervening change in the controlling law has occurred, (b) evidence not previously available has become available, or (c) reconsideration is necessary to prevent manifest injustice. RCFC 59(a)(1). A party "must do more than merely reassert[] arguments which were previously made and were carefully considered by the court." Bannum, Inc. v. United States, 59 Fed. Cl. 241, 243 (2003) (citations omitted). Further, a motion for reconsideration "is not intended to give an unhappy litigant an additional chance to sway the court." Bishop v. United States, 26 Cl. Ct. 281, 286 (1992) (quoting Circle K Corp. v. United States, 23 Cl. Ct. 659, 664-65 (1991)).

In his motion, Mr. Pierce argues that the court has misunderstood his claim, leading to an incorrect result. First, Mr. Pierce argues that his objection to the scheduling of his tax case in San Francisco, California was on the basis of forum non conveniens, and not under the ADA. However, Mr. Pierce also argues that the scheduling order did implicate his rights under the ADA. Further, Mr. Pierce objected to the court's

description of his interaction with the United States District Court for the Eastern District of California, but again argues that he was wrongfully denied the court's help.

Second, Mr. Pierce argues, as he did in his briefs, that Munson v. Del Taco, Inc., 46 Cal. 4th 661 (Cal. 2009), can serve as a statute or constitutional provision that mandates compensation from the federal government. In that case, the California Supreme Court found that the same standard applied under the ADA and the California Unruh Civil Rights Act ("Unruh Act"). Munson, 46 Cal. at 1135-36. Plaintiff argues that, as a result, the court is wrong in concluding that he was seeking damages under the Unruh Act. Rather he asserts that the California Supreme Court has found the ADA to be a money-mandating source for damages against the United States.

Third, Mr. Pierce argues, as he did in his briefs, that this court may review the findings of the United States Tax Court ("tax court") under the Administrative Procedures Act ("APA"). Plaintiff argues that this court made a mistake of law in considering the tax court to be a purely judicial tribunal, and argues that Congress authorizes the tax court to be treated as an "agency" subject to this court's review under the APA. Further, plaintiff argues that the court has misread the ADA and argues that damages under the ADA are available against the federal government.

Finally, Mr. Pierce contests the court's statement of the facts, arguing that it misrepresented certain elements. Plaintiff states that he did not have any other pending cases in tax court, and rather sought a continuation in order to prepare for his case in its new form as a "small" tax case, as opposed to a "regular" tax case. Mr. Pierce also seeks to correct the precise timeline of events involving his contacts with the various courts.

After considering plaintiff's motion, the court finds that plaintiff has not identified any justification for reconsideration. The court has already considered and rejected plaintiff's arguments that this court has jurisdiction over his claims, and plaintiff has not identified an intervening change of law that puts that conclusion into doubt. In addition, he has failed to establish how this court's jurisdictional ruling will result in manifest injustice. Contrary to plaintiff's assertions, this court does not have jurisdiction to review the actions of the tax court under the ADA, the APA, or any other statute. Finally, even assuming plaintiff's objections to the court's statement of the facts are all correct, none of the "corrected" facts idenitified by plaintiff are sufficient to establish jurisdiction over plaintiff's claims. As a result, plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge